**In re Joseph Lovell CAMPBELL, Debtor.**

**Bankruptcy No. 95–21144 RJB.**

United States Bankruptcy Court,
D. Colorado.

Jan. 29, 1997.

Joe T. Reece, Reece & Baker, Denver, CO, for Southwest Capital Investments, Inc.

Robert Carr, Law Offices of Robert Carr, P.C., Denver, CO, for Debtor.

Sally J. Zeman, Standing Chapter 13 Trustee, pro se.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Creditor's Motion to Declare Claim a Super Priority Administrative Expense Pursuant to Bankruptcy Code Sections 507(a)(1) and (b) and to Order Chapter 13 Trustee to Turn Over Debtor Funds in Her Possession to Creditor filed by Southwest Capital Investments, Inc. ("SCI").

The case was filed October 24, 1995. SCI is a secured creditor holding a lien on the Debtor's 1987 Subaru automobile. The Debtor's original proposed Chapter 13 Plan valued the collateral at $2,675.00 and it provided that "Adequate protection payments of $45.00 per month will be paid to secured creditor Security Capital Funding Corp. concurrently with attorney fees, until Distribution starts to Class Three Creditors." The

---

monthly payments to the Trustee were to be $145.00.

After the meeting of creditors held pursuant to 11 U.S.C. § 341, the Debtor filed an Amended Plan which valued the car at $3,335.00 and raised the "adequate protection" payments (under the same conditions as in the original Plan) to $85.00 with monthly payments to the Trustee of $300.00. This Amended Plan was confirmed February 13, 1996.

On May 21, 1996, SCI filed the within Motion alleging that as of that date it had not received any adequate protection payments and that on May 15, 1996, Debtor's counsel telephoned SCI's counsel and advised that the Debtor was going to surrender the vehicle because it had broken down in Pueblo, Colorado, and would require repairs exceeding $2,000.00. Debtor's counsel also indicated that the Debtor would be converting the case to Chapter 7 and provided the location of the vehicle so that creditor could recover it.

In response to the Motion, the Standing Chapter 13 Trustee stated that she currently was holding $425.00 for SCI and that all other monies she had received from the Debtor (excluding a 10% Trustee fee) had been paid to Debtor's counsel pursuant to the terms of the confirmed Amended Plan. She requested that any order to pay funds to SCI be limited to the $425.00 she currently had in her possession. The Debtor's response indicated only that there was no basis for a § 507 superpriority.

About this same time the Trustee filed a Motion to Dismiss because the Debtor had defaulted in his payments to the Trustee and the case was ultimately dismissed (August 19, 1996) for substantial default, but the Court retained jurisdiction to determine the within Motion. The Trustee's Final Report showed that she had received a total of $795.00 from the Debtor. Of that amount she paid (1) to herself $2.82 as compensation and $34.31 for expenses, for a total of $37.13; (2) to Debtor's counsel $332.87; and (3) to SCI $425.00.

At the hearing herein SCI produced evidence that it did recover the car (at the expense of $210.00). SCI also proved that it sold the car and that it was only able to obtain $450.00. There was no dispute as to these facts. Thus, since the case was filed, SCI received $425.00 from the Trustee, $425.00 net proceeds from the sale of the car, and paid $210.00 for towing the car from Pueblo, Colorado, giving SCI a net recovery of $665.00. There was no contrary evidence, and the Court finds that the price received by SCI for the sale was reasonable and that the costs incurred in recovery of the car were reasonable. Under the confirmed Amended Plan SCI should have received the capitalized value of the car, or $3,869.00. This figure was arrived at by taking the value of the car ($3,335.00) capitalized over the period of time necessary to pay SCI using a ten (10) percent capitalization rate.

■ SCI claims that it is entitled to a superpriority claim because the "adequate protection" provided by the Debtor "failed." What has happened in this case is the unfortunate use of the term "adequate protection" by the Debtor in his confirmed plan. The Court must be guided, however, by what the Plan accomplishes, and not by what it says. Because SCI would not have started to receive payments under the plan for a considerable time, the Debtor was simply elevating SCI's Class III payment priority under the plan to be co-extensive with payments to the Class I creditors, albeit for a definite dollar amount and not on a proportional basis. This was done in order to provide protection for the "qualitative" aspect of SCI's interest in the car. The "quantitative" aspect of SCI's claim was protected by the payment of interest (capitalization) at the rate of 10%. *See, In re Johnson,* 63 B.R. 550 (Bankr. D.Colo.1986).

■ SCI asserts its claim pursuant to § 507(b). That section refers only to "adequate protection" provided under §§ 362, 363 and 364. What SCI has done here is to equate the Debtor's "adequate protection" payments under the confirmed plan with "adequate protection" payments pursuant to 11 U.S.C. §§ 362, 363, or 364. Section 364 is obviously not applicable in this situation. The payments could not have been pursuant

to § 362 or § 363 because after confirmation of the plan § 362 does not apply, and the car was no longer "property of the estate" as contemplated by § 363. As the Court stated in *In re Johnson, supra:*

> Section 362 applies to stay such foreclosure during the pendency of the Chapter 13 case, but it ceases to apply at such time as the collateral is no longer property of the estate. 11 U.S.C. § 362(c)(1). Unless the Chapter 13 plan provides otherwise (and the instant plan does not), confirmation of the plan serves to vest all of the property of the estate in the debtor. 11 U.S.C. § 1327(b). While the property may remain subject to the lien of the secured party (11 U.S.C. § 1327(c)), enforcement of the lien is no longer stayed by Section 362, and the "adequate protection" provisions of Section 362(d) are no longer applicable. Instead, at that point in time, the secured creditor's rights and interests are defined strictly by the provisions of the plan. 63 B.R. 550 at 553.

In other words, all parties, including creditors, are bound by the provisions of a confirmed plan. And the Chapter 13 Trustee is required to make payments in accordance with a confirmed plan. 11 U.S.C. § 1326(c). That was done in this case. SCI received all the payments it was entitled to under the confirmed plan until the plan failed and the case was dismissed. But the Court cannot equate "plan failure" to a "failure of adequate protection" under § 507(b). It is, therefore,

ORDERED that the within Motion is denied.